UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN JORDAN, | ) | 1:09CV0707 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAG. JUDGE KENNETH S. McHARGH |
| | ) | |
| JOHN SOLIDAY FIN. GROUP, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. J.

Plaintiff John Jordan ("Jordan") has filed a complaint alleging that defendants John Soliday Financial Group, LLC ("Soliday") and Cheek Law Offices, LLC ("Cheek") "violated the Fair Debt Collection Practices Act ('FDCPA') and the Ohio Consumer Sales Practices Act ('OCSPA')," when they attempted to collect a delinquent loan without the authority to do so, and divulged his personal information in the collection process.  (Doc. 1, PX B.)  The parties filed motions for summary judgment, which the court denied.  (Doc. 24.)  The case is now set for trial.

Currently before the court is defendants' Motion in Limine to "exclude any evidence of damages as a result of the disclosure of Plaintiff's social security number and date of birth." (Doc. 49, at 1.)

MOTION IN LIMINE

Given the arguments of the parties, it may be useful to recap the purpose of a pre-trial motion in limine:

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846-847 (N.D. Ohio 2004) (internal citations omitted). See also United States v. Gray, No. 3:09CR182, 2010 WL 3515599, at *1 (N.D. Ohio Sept. 3, 2010); Lensing v. Potter, No. 1:03CV575, 2010 WL 3199642, at *1 (W.D. Mich. Aug. 11, 2010). A motion in limine may also be used to prevent a jury from exposure to prejudicial evidence. Lensing, 2010 WL 3199642, at *1.

Evidence is generally admissible if it is relevant and not unfairly prejudicial. Corporate Communication Serv. of Dayton, LLC v. MCI Communications Serv., Inc., No. 3:08CV046, 2010 WL 1445169, at *1 (S.D. Ohio Apr. 12, 2010) (citing Reed v. National Linen Serv., No. 97-5545, 1999 WL 407463 at *7 (6th Cir. June 2, 1999)); Fed. R. Evid. 402. "A court will generally not grant a motion in limine

unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible." Corporate Communication, 2010 WL 1445169, at *1 (citing Indiana Insurance, 326 F.Supp.2d at 846). If this burden is not met, evidentiary rulings should be deferred and resolved in the context of the trial. Id.

## DEFENDANTS' MOTION

The defendants argue that Jordan's "claim for actual damages relating to the disclosure of his social security number and date of birth are speculative, lack evidentiary support, and conclusory." (Doc. 49, at 2.) Thus, they move the court to "exclude all testimony and evidence related to those damages because Plaintiff suffered no harm." Id.

The defendants contend that emotional damages should be held to a stricter standard of proof before permitting recovery of damages for emotional distress. (Doc. 49, at 3.) They assert that "when a plaintiff's testimony is the only evidence of emotional damages, the plaintiff must sufficiently explain the circumstances surrounding his or her emotional injury and may not rely on conclusory statements." Id. (citing Bach v. First Union Nat. Bank, No. 04-3899, 2005 WL 2009272, at *6 (6th Cir. 2005)).

Jordan responds that emotional distress damages are compensable under the FDCPA. (Doc. 51, at 1, citing 15 U.S.C. § 1692k(a)(1).) He also asserts that these types of damages are compensable under the OCSPA. Id. at 2. In support, Jordan

3

quotes from Davis v. Creditors Interchange Receivable Mgmt., LLC, 585 F.Supp.2d 968, 971 (N.D. Ohio 2008).

The court in Davis was ruling on the proper scope of contested discovery. Davis, 585 F.Supp.2d at 969. In Davis, Judge Carr noted that "the FDCPA permits recovery of actual damages for emotional distress." Id. at 971. He went on to discuss the applicable standard for proving damages for emotional distress resulting from an FDCPA violation. Id. While noting that the Sixth Circuit had not ruled on the issue, he noted that district courts in this circuit had "concluded that the FDCPA adopts a less stringent standard than state tort law." Id.

The defendants cite a Seventh Circuit case, Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2004), in support of a stricter standard. In Sarver, the Seventh Circuit was reviewing a ruling on summary judgment. Sarver, 390 F.3d at 970. The procedural posture in Sarver was thus significantly different from the situation before this court. In addition, Sarver did not involve FDCPA claims, but rather a claim under the Fair Credit Reporting Act (FCRA). Id. The court noted that the Seventh Circuit requires that when "the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." Id. at 971. The court of appeals did not rule that such evidence was inadmissible.

4

The court in Bach was reviewing rulings on a motion for a judgment as a matter of law pursuant to Rule 50(b), and a motion for a new trial or amendment of judgment pursuant to Rule 59(a), following a jury trial. Bach, 2005 WL 2009272, at *1. The procedural posture in Bach was also significantly different from the situation before this court. In addition, Bach did not involve FDCPA claims, but rather a claim under the FCRA. Id.

The court in Bach noted: "An injured person's testimony alone may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory statements." Bach, 2005 WL 2009272, at *6. The district court heard testimony on that issue, and the Sixth Circuit found that the plaintiff had presented "sufficient evidence from which the jury could reasonably conclude that Bach was entitled to actual damages." Id. Clearly, the court of appeals did not rule that such evidence was inadmissible.

While these cases may be instructive on the requirements of proof, they hardly support defendants' argument that this court should exclude all trial testimony and evidence related to emotional damages.

Rather, because the FDCPA permits recovery of actual damages for emotional distress, Davis, 585 F.Supp.2d at 971, the defendants have not met their burden of showing that the contested evidence would be clearly inadmissible.

5

The motion in limine (doc. 49) is DENIED. (The court notes that denial of the motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Indiana Insurance, 326 F.Supp.2d at 846.)

IT IS SO ORDERED.

Dated:  Oct. 20, 2010                             /s/ Kenneth S. McHargh
                                                                            Kenneth S. McHargh
                                                                            United States Magistrate Judge